UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HALL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:22-cv-00366-JAM-CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner represented by counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was a prisoner at the California Health Care Facility ("CHCF") based on his extensive history of suffering from sickle cell disease. Named as defendants in this action are the California Department of Corrections and Rehabilitation, two correctional officers employed at CHCF, and unidentified Does 1-10. Also included in the case caption, but not identified as defendants in the complaint, are Licensed Vocational Nurse Rea and Certified Nurse Assistant Glen.[1]

On March 2, 2021, plaintiff was transferred from San Joaquin General Hospital back to CHCF. ECF No. 1 at 8. ECF No. 1 at 9. Plaintiff was transported on a gurney to the dayroom in

---

[1] Since these individuals are not named defendants in this action, the court does not address the factual allegations in the complaint that pertain to them.

Building C3A at CHCF by defendant Luna and unnamed doe defendants 1-10. ECF No. 1 at 9. Plaintiff was physically forced off the gurney and his leg chains were removed. Id. After asking defendants to be careful with his arm due to the pain, plaintiff was slammed to the ground while handcuffed to his waist chain. Id. His face struck the cement first because his hands were cuffed. Id. Defendants Luna and Does 1-10 then dragged plaintiff to his cell which was in an isolated area of the building and out of view of the prison's security cameras. Id. They then punched and kicked plaintiff in his ribs, back, face and head. Id. These defendants also pulled plaintiff's pants down and digitally penetrated him. Following this physical and sexual assault, plaintiff was left in his cell while bleeding and in "excruciating pain." ECF No. 1 at 10. After these defendants left his cell, plaintiff banged on his cell door and pressed the call light in order to get medical attention for his injuries. ECF No. 1 at 10.

Defendant Mims was on duty during this time and did not respond to plaintiff. Id. Eventually, plaintiff was escorted to defendant Mims' office where he gave a video recorded statement about his injuries. Id. Plaintiff was immediately transported back to San Joaquin General Hospital where he received treatment for his injuries as well as a sexual assault examination. Id. Plaintiff remained hospitalized for two days. Id.

### III. Analysis

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment excessive force claim presented in claims one and two and supplemental state law claims against defendant Luna presented in claims 9-11.[2] The complaint does not sufficiently allege an Eighth Amendment deliberate indifference claim against defendant Luna for

---

[2] The court views the allegations in claims one and two as duplicative since the Cruel and Unusual Punishment Clause of the Eighth Amendment is the legal basis for an excessive force claim in this case based on plaintiff's status as a convicted defendant. Compare ECF No. 1 at 11 (alleging a "Fourth, Fifth, Eighth, and Fourteenth Amendment Excessive Force claim with ECF No. 1 at 13 (alleging a "Fifth, Eighth, and Fourteenth Amendment Cruel and Unusual Punishment claim); see also Graham v. Connor, 490 U.S. 386, 388 (1989) (stating that an excessive force claim in the course of an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard and not the Eighth Amendment.). Therefore, to the extent that plaintiff relies on the Fourth Amendment as the legal basis for any excessive force claim against any defendant, such claims are screened out for failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

3

failing to summon medical assistance for plaintiff following the assault because it does not appear that plaintiff requested medical attention until defendant Luna left his cell.  In order to sufficiently plead a deliberate indifference claim, plaintiff must allege that the prison official was not only "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The complaint fails to allege the subjective component of a deliberate indifference claim against defendant Luna.

The court further finds that the complaint fails to sufficiently allege a claim upon which relief may be granted against defendant Mims.  The complaint only alleges that defendant Mims was the supervising lieutenant on duty when plaintiff was physically and sexually assaulted and was requesting medical assistance for his injuries.  However, the complaint does not explain how defendant Mims became aware of plaintiff's assault and subsequent injuries or his need for medical treatment.  Absent such information, the allegations fail to state an Eighth Amendment failure to protect or a deliberate indifference claim to plaintiff's serious medical needs.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  The complaint fails to sufficiently link defendant Mims to the alleged constitutional violations for failing to protect plaintiff from injury or to summon medical assistance.  Since the complaint does not sufficiently allege any federal claim against defendant Mims, the court does not have supplemental jurisdiction over the alleged state law violations by this defendant alleged in claims 10 and 11.

In his complaint plaintiff has named the CDCR as one of the defendants.  However, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment

claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are barred and must be dismissed.

The allegations in the complaint fail to state an ADA/RA violation against any named defendant based on the delay in providing plaintiff with medical treatment.[3] See Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Additionally, plaintiff has not alleged any facts that he was excluded from participation in any program or activity. Accordingly, plaintiff has failed to state a cognizable ADA/RA claim against any defendant.

The court also finds that the complaint fails to sufficiently allege any civil conspiracy claim against defendants as alleged in claim seven because it is entirely conclusory. The allegations in the complaint equate defendants' failure to protect plaintiff from harm as a separate and free-standing conspiracy to physically and sexually assault him. ECF No. 1 at 23. However, to state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). The complaint is bereft of any factual allegations that support any prior agreement or meeting of the minds between

---

[3] Moreover, to the extent that plaintiff alleges an ADA/RA claim against all named defendants, the proper defendant in an ADA action is not an individual prison official. See United States v. Georgia, 546 U.S. 151, 153 (2006); Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). However, a warden sued in his official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (emphasizing that "[o]fficial-[c]apacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotations and citation omitted); Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003).

defendants before the alleged physical and sexual assaults occurred. As a result, the court finds that claim seven fails to state any claim for relief against any named defendant.

Plaintiff may choose to proceed on the Eighth Amendment excessive force and supplemental state law claims found cognizable against defendant Luna or he may attempt to cure the defects with respect to the remaining claims and defendants by filing a first amended complaint. If plaintiff chooses to proceed on the Eighth Amendment excessive force and state law claims against defendants Luna, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Eighth Amendment excessive force and supplemental state law claims against defendant Luna. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this

1. order with respect to the remaining claims and defendants.
2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.
3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: July 28, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hall0366.option.counseled.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RODNEY HALL, | No. 2:22-cv-00366-JAM-CKD |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment excessive force and supplemental state law claims against defendant Luna. Plaintiff voluntarily dismisses the remaining claims and defendants; **OR**

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

_____
Plaintiff

8