ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
ARTHUR B. MARK III, State Bar No. 220865
Deputy Attorney General
　1300 I Street, Suite 125
　P.O. Box 944255
　Sacramento, CA 94244-2550
　Telephone:  (916) 210-7345
　Fax:  (916) 324-5205
　E-mail:  Arthur.Mark@doj.ca.gov
*Attorneys for Defendant*
*J. Luna*


LAW OFFICE OF J. BLACKNELL
JOVAN BLACKNELL (SBN 237162)
KELLEN DAVIS (SBN 326672)
200 Corporate Pointe, Suite 495
Culver City, CA 90230
T.: 310.469.9117; F.: 310.388.3765
*Attorneys for Plaintiff*
*Rodney Hall*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RODNEY HALL,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**CDCR, et al.,**<br><br>　　　　　　　　　　　Defendant. | Case No. 2:22-cv-00366-TLN CKD (PC)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING SURVEILLANCE FOOTAGE**<br><br>Judge:　　　　Hon. Carolyn K. Delaney<br>Trial Date:　　None set<br>Action Filed:　February 25, 2022 |

1

## I. PURPOSES AND LIMITATIONS

Plaintiff and Defendant enter into this Stipulated Protective Order to facilitate exchange of information before discovery opens in order to determine whether to proceed with early ADR. The types of information the parties seek to protect under this protective order include: (1) video surveillance footage from inside California Health Care Facility Stockton (CHCF) taken on March 2, 2021 showing Plaintiff Hall, California Department of Corrections and Rehabilitation (CDCR) staff members, and CDCR inmates. The footage is considered CONFIDENTIAL by CDCR in that it shows the inside of CHCF, which is a prison and an area not accessible or viewable by the general public and shows prison inmates, including plaintiff and CHCF staff. Accordingly, a protective order is necessary for the following reasons: (1) to protect the privacy of Plaintiff, other inmates, and staff; and (2) to protect the safety and security interests of CDCR in not having the interior of a prison displayed publically and in not having the footage misused, misinterpreted, or manipulated by the general public.

The parties agree this protective order is without prejudice to other protective orders the Court or parties deem necessary, should this case proceed to discovery.

The parties further agree that by entering into this protective order, neither the parties nor CDCR waive any objections to discovery requests that may be later propounded.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal and that the local rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

2.1  The footage to be produced under this Order shall be deemed "CONFIDENTIAL" information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

    2.2    Counsel:  Counsel of Record for the parties and the support staff for such counsel.

    2.3    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.4    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

    2.5    Producing Party: a Party or Non-Party that produces Protected Material in this action.

    2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

    2.7    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.8    Protected Material: any material that is designated as "CONFIDENTIAL" under this Order

    2.9    Receiving Party: a Party that receives Protected Material from a Producing Party.

## III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATION OF PROTECTED MATERIAL

The material produced pursuant to this protective order shall be prominently marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or if it is not possible to actually affix a mark to the material, it shall be identified as such upon production to the Receiving Party.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1   Basic Principles. A Receiving Party may use the Protected Material that is disclosed under this Order in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section XI below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

  (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (c) the court and its personnel;

  (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL":

  (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL"

before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The notification to the Designating Party must include a detailed description of how the inadvertent disclosure occurred.  Designating Party has the right to seek sanctions, if appropriate, at any time against the Receiving Party for inadvertent disclosure, which may include a request for an order to return all Protected Material and prohibit any further use by the Receiving Party.  Moreover, nothing in this Order shall either confer liability, or relieve the Receiving Party from any liability, for any injuries, legal proceedings or damages arising from the inadvertent disclosure of Protected Material.

**IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**X.    MISCELLANEOUS**

9.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

9.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action or any other action or proceeding any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the local rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

**XI.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

Nothing in this Order shall be construed as limiting in any way the California Department of Corrections and Rehabilitation (CDCR) from utilizing any material designated or produced under this Order in its normal or usual course of operations.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 9, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendant*
*J. Luna*

LAW OFFICE OF J. BLACKNELL
JOVAN BLACKNELL

*/s/ Kellen Davis (as authorized 12/9/22)*

KELLEN DAVIS
*Attorneys for Plaintiff*
*Rodney Hall*

**IT IS SO ORDERED.**

Dated: December 13, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ (date) in the case of *Hall v. Luna*, CASE NO. 2:22-CV-00366) I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____[signature]

SA2022301866
36737699.docx